UNSEALED
PER ARREST
1/15/2014

Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas

JAN 8 2014

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | |
| § | |
| JOSE GUADALUPE VELA § | CRIMINAL NO. H-13-551 |
| aka "Lupe" § | |
| OMAR LEONEL VELA § | (UNDER SEAL) |
| MICHAEL RENE VELA § | |
| aka "Mikey" § | |
| JESUS BUSTOS § | |

## SUPERSEDING INDICTMENT

A. INTRODUCTION

At all times material to this indictment:

1. The City of Progreso was a town of approximately 6,000 residents in Hidalgo County, Texas, near the Mexican border. Progreso municipal government consisted of a Mayor and five elected Aldermen.

2. The Progreso Independent School District ("PISD") was the public school district for Progreso and outlying areas. PISD was governed by a Superintendent and a Board of Trustees consisting of seven elected Trustees. From 2004 to 2013, PISD received more than $1,000,000 per year in federal program funds and grants from the United States Department of Education.

3. JOSE GUADALUPE "LUPE" VELA JR. ("JOSE VELA") was the Maintenance and Transportation Director for PISD.

4. OMAR LEONEL VELA ("OMAR VELA") was a son of JOSE VELA

and was the Mayor of Progreso and the Truancy Officer for PISD.

5. MICHAEL "MIKEY" RENE VELA ("MICHAEL VELA") was a son of JOSE VELA and was President of the PISD Board of Trustees.

6. JESUS BUSTOS was an architect who owned and ran the architectural firm IDE-A Group, LLC, ("IDE-A Group") which was based in McAllen, Texas, and which provided architectural and project management services to the City of Progreso and PISD on multiple construction projects.

7. The Construction Company ("Construction Company") was a company based in Rio Hondo and Combes, Texas, that performed construction on multiple projects for the City of Progreso and PISD, including the construction of a new elementary school, a school gymnasium, and a municipal park.

8. The Supply Firm ("Supply Firm"), was a business based in Rio Hondo, Texas, that sold electrical and plumbing supplies to the City of Progreso and PISD.

9. The Local Counsel was an attorney hired to advise PISD on legal matters.

## COUNT ONE
### (Conspiracy, 18 U.S.C. § 371)

A. INTRODUCTION

1. The Grand Jury adopts, realleges, and incorporates herein the Introduction section of the Indictment as if set out fully herein.

B. THE CONSPIRACY AND ITS OBJECTS

2. From in or about June 2004 and continuing up to and including the date of the Indictment, in the Southern District of Texas, the defendants,

**JOSE GUADALUPE VELA JR.,**
**OMAR LEONEL VELA,**
**MICHAEL RENE VELA, and**
**JESUS BUSTOS**

did knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit the following offenses against the United States:

(a) to use and cause to be used the United States Postal Service in the execution of a scheme to defraud of money and the right to honest services, in violation of 18 U.S.C. §§ 1341, 1346;

(b) to use and cause the use of a facility in interstate commerce to promote bribery of a public official, in violation of 18 U.S.C. § 1952;

(c) to steal and obtain by fraud property that belongs to an organization and local government that receives federal funds, in violation of 18 U.S.C. § 666(a)(1)(A);

(d) to solicit and accept anything of value in order to be influenced in connection with the business of an organization and local government that receives federal funds, in violation of 18 U.S.C. § 666(a)(1)(B);

(e) to give anything of value in order to influence or reward an agent of an

organization and local government in connection with the business of such organization and local government that receives federal funds, in violation of 18 U.S.C. § 666(a)(2).

C. MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

3. JOSE VELA would and did control much of local government in Progreso, Texas. JOSE VELA's primary means of political control were his sons who served in positions of public authority, including OMAR VELA, the Mayor of Progreso, and MICHAEL VELA, the President of the PISD Board of Trustees.

4. In addition, JOSE VELA would and did gain and maintain influence over others in positions of public authority in Progreso. JOSE VELA would and did gain influence with PISD and its Board of Trustees by recruiting individuals to run as candidates for election to the Board of Trustees and by supporting the candidates in their elections.

5. JOSE VELA would and did maintain control over PISD and its Board of Trustees through a system of reward and retaliation. JOSE VELA would and did reward loyal PISD Board Trustees by distributing bribe money to Trustees who voted as JOSE VELA directed. JOSE VELA would and did retaliate against Trustees and the PISD Superintendent when they did not vote or otherwise do as he ordered.

6. Using his influence over local government, JOSE VELA would and did

4

dictate who was awarded contracts on public projects in Progreso. JOSE VELA and his sons OMAR VELA and MICHAEL VELA would and did extract bribes and kickbacks from those who sought contracts on public projects, creating a "pay to play" contracting scheme in Progreso.

7. Specifically, JOSE VELA, OMAR VELA, and MICHAEL VELA would and did require the Construction Company, JESUS BUSTOS and his company IDE-A Group, and the Local Counsel to pay bribes and kickbacks in order to obtain contracts with the City of Progreso and PISD.

8. In addition, OMAR VELA would and did instruct the owner of the Supply Firm to provide fraudulent invoices to PISD and the City of Progreso for products that the Supply Firm did not provide. When the invoices were paid, the Supply Firm returned the funds to OMAR VELA as kickbacks.

D. OVERT ACTS

9. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Texas:

**Bribes and Kickbacks Paid by the Construction Company to Obtain the Progreso Elementary School Construction Contract**

(a) On or about September 6, 2004, the Construction Company paid $5,000 to OMAR VELA.

(b) In or about November 2004, the Construction Company paid $10,000

to OMAR VELA.

(c) In or about November 2004, the Construction Company paid $10,000 to OMAR VELA.

(d) In or about November 2004, the Construction Company paid $4,000 to OMAR VELA.

(e) On or about December 19, 2004, the Construction Company paid $6,000 to OMAR VELA.

(f) On or about January 28, 2005, the Construction Company paid $5,000 to OMAR VELA.

(g) On or about March 4, 2005, the Construction Company paid $5,000 to OMAR VELA.

(h) In or about April 2005, the Construction Company paid $3,000 to OMAR VELA.

(i) On or about May 4, 2005, the Construction Company paid $3,000 to OMAR VELA.

(j) On or about June 14, 2005, the Construction Company paid $3,000 to OMAR VELA.

### Bribes and Kickbacks Paid by the Construction Company to Obtain the Progreso Municipal Park and PISD Gymnasium Construction Contracts

(k) On or about July 26, 2005, the Construction Company paid $3,000 to OMAR VELA.

(l) On or about August 8, 2005, the Construction Company paid $1,000 to OMAR VELA.

(m) On or about October 5, 2005, the Construction Company paid $1,500 to OMAR VELA.

(n) On or about October 18, 2005, the Construction Company paid $1,000 to OMAR VELA.

(o) On or about October 27, 2005, the Construction Company paid $10,500 to OMAR VELA.

(p) On or about October 27, 2005, the Construction Company paid $5,000 to OMAR VELA.

(q) On or about October 27, 2005, the Construction Company paid $1,500 to OMAR VELA.

(r) In or about January 2006, the Construction Company paid $1,500 to OMAR VELA.

(s) On or about February 7, 2006, the Construction Company paid $1,000 to OMAR VELA.

### Bribe Paid by the Construction Company to Attempt to Obtain the Progreso Library Construction Contract

(t) On or about November 3, 2005, the Construction Company paid $5,000 to OMAR VELA.

## Bribes and Kickbacks Paid by IDE-A Group to Obtain contracts with PISD or the City of Progreso

(u)    In or about 2004, acting under the direction of JESUS BUSTOS, an employee of IDE-A Group delivered money to OMAR VELA.

(v)    In or about 2005, acting under the direction of JESUS BUSTOS, an employee of IDE-A Group delivered money to OMAR VELA.

(w)    In or about 2006, acting under the direction of JESUS BUSTOS, an employee of IDE-A Group delivered money to OMAR VELA.

(x)    In or about 2007, acting under the direction of JESUS BUSTOS, an employee of IDE-A Group delivered money to OMAR VELA.

(y)    In or about 2007, at a McDonald's Restaurant in Weslaco, Texas, JESUS BUSTOS delivered money to OMAR VELA.

(z) In or about 2008, acting under the direction of JESUS BUSTOS, an employee of IDE-A Group delivered money to OMAR VELA.

(aa)    In or about 2009, acting under the direction of JESUS BUSTOS, an employee of IDE-A Group delivered money to OMAR VELA.

(bb)    In or about 2010, acting under the direction of JESUS BUSTOS, an employee of IDE-A Group delivered money to OMAR VELA.

(cc)    In or about 2011, acting under the direction of JESUS BUSTOS, an employee of IDE-A Group delivered money to OMAR VELA.

(dd) In or about 2011, at an Academy Store parking lot in McAllen, Texas, JESUS BUSTOS delivered a bag with money to MICHAEL VELA.

(ee) In or about 2011, at an Academy Store parking lot in McAllen, Texas, JESUS BUSTOS delivered money hidden inside a sunglasses case to MICHAEL VELA.

(ff) In or about 2012, acting under the direction of JESUS BUSTOS, an employee of IDE-A Group delivered money to OMAR VELA.

### Bribes and Kickbacks Paid by the Local Counsel to Obtain the PISD Legal Counsel Contract

(gg) On or about December 19, 2008, the Local Counsel gave eight Buchanan's Scotch gift boxes to JOSE VELA.

(hh) On or about December 19, 2008, during a meeting, OMAR VELA explained to the Local Counsel the need to pay in order to receive work in Progreso, stating, "It's the barter system . . . You know, my back is itching. Scratch it." When the Local Counsel replied that they would have to be careful, JOSE VELA stated that he had "never had a problem with it."

(ii) On or about January 9, 2009, the Local Counsel delivered three envelopes to JOSE VELA, OMAR VELA, and MICHAEL VELA, one labeled "Lupe" with $500, one labeled "Omar" with $300, and one labeled "Michael" with $300.

(jj) On or about January 13, 2009, the Local Counsel paid a $625 deposit

for a hunting trip for OMAR VELA, MICHAEL VELA, and others.

(kk) On or about January 28, 2009, the Local Counsel gave $600 to OMAR VELA and $200 to MICHAEL VELA to pay for the hunting trip and gave $500 to JOSE VELA to pay for JOSE VELA to spend the weekend on South Padre Island with his mistress.

(ll) On or about January 28, 2009, during a meeting, JOSE VELA told the Local Counsel to increase his bill to PISD from $6,000 per month to $8,000 per month and to pay back the extra funds in cash to JOSE VELA.

(mm) On or about February 23, 2009, the Local Counsel gave JOSE VELA $3,000, stating during a meeting that he hoped to be awarded the PISD attorney contract, to which JOSE VELA responded, "We're ready whenever you are. Mike is the one that's really pushing it."

(nn) On or about April 24, 2009, during a telephone call, JOSE VELA confirmed with the Local Counsel that the PISD Board had voted for the Local Counsel to be hired, stating, "We got you in there." JOSE VELA then instructed the Local Counsel to submit a bill to PISD for $3,500.

(oo) On or about May 1, 2009, the Local Counsel submitted a bill by facsimile and U.S. Mail to PISD for $3,500.

(pp) On or about May 1, 2009, once the Local Counsel had received payment from PISD, the Local Counsel gave JOSE VELA a kickback of $3,500.

**Fraudulent Invoices Submitted by the Supply Firm to PISD and the City of Progreso to Obtain Funds for Kickbacks to OMAR VELA**

(qq) On or about April 27, 2009, at the direction of OMAR VELA, the Supply Firm submitted an invoice to the City of Progreso for approximately $1,610.00 for products that were not delivered by the Supply Firm.

(rr) On or about December 14, 2010, at the direction of OMAR VELA, the Supply Firm submitted an invoice to PISD for approximately $3,627.80 for products that were not delivered by the Supply Firm.

(ss) On or about June 21, 2011, at the direction of OMAR VELA, the Supply Firm submitted an invoice to PISD for approximately $3,443.86 for products that were not delivered by the Supply Firm.

(tt) On or about October 15, 2012, at the direction of OMAR VELA, the Supply Firm submitted an invoice to PISD for approximately $3,050.00 for products that were not delivered by the Supply Firm.

(uu) On or about December 21, 2012, at the direction of OMAR VELA, the Supply Firm submitted an invoice to PISD for approximately $3,104.10 for products that were not delivered by the Supply Firm.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO
**(Honest Services Mail Fraud, 18 U.S.C. §§ 1341, 1346 and 2)**

A. INTRODUCTION

1. The Grand Jury adopts, realleges, and incorporates herein the

Introduction section of the Indictment as if set out fully herein.

B.     THE SCHEME AND ARTIFICE

2.     From on or about December 19, 2008, and continuing through on or about May 1, 2009, in the Southern District of Texas, the defendants,

**JOSE GUADALUPE VELA JR.,
OMAR LEONEL VELA, and
MICHAEL RENE VELA,**

aided and abetted by each other and others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to deprive the City of Progreso, the citizens of Progreso, and PISD of money and property and their right to the honest and faithful services of the Defendants, through bribery, kickbacks, and the concealment of material information.

C.     MANNER AND MEANS OF THE SCHEME

3.     The Grand Jury adopts, realleges, and incorporates herein the manner and means allegations in Paragraphs Three through Eight of Count One as if set out fully herein.

D.     EXECUTION OF THE SCHEME AND ARTIFICE

4.     On or about May 1, 2009, in the Southern District of Texas and in furtherance of the scheme and artifice to defraud, JOSE VELA did knowingly cause to be delivered by United States Postal Service mail a bill from the Local Counsel to PISD in the amount of $3,500.

In violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## COUNTS THREE-EIGHT
### (Travel Act—State Law Bribery, 18 U.S.C. §§ 1952 and 2)

1. The Grand Jury adopts, realleges, and incorporates herein the Introduction section of the Indictment as if set out fully herein.

2. From on or about December 19, 2008, and continuing through on or about May 1, 2009, in the Southern District of Texas, the defendants,

**JOSE GUADALUPE VELA JR.,
OMAR LEONEL VELA, and
MICHAEL RENE VELA,**

aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly use and cause the use of a facility in interstate commerce, as described in the counts listed below, with intent to otherwise promote, manage, establish, carry on and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that being bribery of a public official in violation of the laws of the State of Texas, Penal Code § 36.02(a), and thereafter performed and attempted to perform acts in furtherance of the unlawful activity.

| Count | Date | Defendant | Use of Facility in Interstate Commerce—Telephone |
|---|---|---|---|
| 3 | 12/29/08 | **JOSE GUADALUPE VELA JR., OMAR LEONEL VELA, and MICHAEL RENE VELA** | Telephone call between JOSE VELA and Local Counsel discussing hunting trip and upcoming vote regarding whether to hire Local Counsel |

| | | | |
|---|---|---|---|
| 4 | 1/22/09 | **JOSE GUADALUPE VELA JR., OMAR LEONEL VELA, and MICHAEL RENE VELA** | Telephone call between JOSE VELA and Local Counsel discussing delivering money to JOSE VELA |
| 5 | 2/12/09 | **JOSE GUADALUPE VELA JR., OMAR LEONEL VELA, and MICHAEL RENE VELA** | Telephone call between JOSE VELA and Local Counsel in which VELA asks for a $3,000 payment |
| 6 | 4/7/09 | **JOSE GUADALUPE VELA JR., OMAR LEONEL VELA, and MICHAEL RENE VELA** | Telephone call between MICHAEL VELA and Local Counsel in which they confirm Local Counsel will set aside $2,000 per month from his paycheck for the VELAS |
| 7 | 4/24/09 | **JOSE GUADALUPE VELA JR., OMAR LEONEL VELA, and MICHAEL RENE VELA** | Telephone call between JOSE VELA and Local Counsel in which VELA instructs Local Counsel to increase Local Counsel's bill to PISD to $3,500 |
| 8 | 4/30/09 | **JOSE GUADALUPE VELA JR., OMAR LEONEL VELA, and MICHAEL RENE VELA** | Telephone call between MICHAEL VELA and Local Counsel in which they confirm Local Counsel will return his payment from PISD to the VELAS |

In violation of Title 18, United States Code, Sections 1952 and 2.

## COUNT NINE
### (Bribery Concerning Programs Receiving Federal Funds, 18 U.S.C. §§ 666 and 2)

1. The Grand Jury adopts, realleges, and incorporates herein the Introduction section of the Indictment as if set out fully herein.

2. From on or about December 19, 2008, and continuing until on or about May 1, 2009, in the Southern District of Texas, the defendants,

**JOSE GUADALUPE VELA JR.,
OMAR LEONEL VELA, and
MICHAEL RENE VELA,**

being agents of PISD, an organization and local government, that receives, in any one-year period, benefits in excess of $10,000 under a federal assistance program, aiding and abetting each other, did corruptly solicit and demand for the benefit of any person, and accept and agree to accept, anything of value from the Local Counsel, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of such organization and local government involving anything of value of $5,000 or more.

In violation of Title 18 United States Code, Sections 666(a)(1)(B) and 2).

## COUNT TEN
### (Theft Concerning Programs Receiving Federal Funds, 18 U.S.C. §§ 666 and 2)

1. The Grand Jury adopts, realleges, and incorporates herein the Introduction section of the Indictment as if set out fully herein.

2. From on or about December 14, 2010, and continuing until on or about

December 21, 2012, in the Southern District of Texas, the defendant,

**OMAR LEONEL VELA,**

being an agent of PISD, an organization and local government, that receives, in any one-year period, benefits in excess of $10,000 under a federal assistance program, aiding and abetting and aided and abetted by the Supply Firm, did, embezzle, steal, obtain by fraud and otherwise without authority knowingly convert to the use of any person other than the rightful owner, and intentionally misapply, property that is valued at $5,000 or more and is owned by, and is under the care, custody, and control of such organization and local government.

In violation of Title 18, United States Code, Section 666(a)(1)(A) and 2.

## COUNT ELEVEN
### (Paying Bribes Related to Programs Receiving Federal Funds, 18 U.S.C. §§ 666 and 2)

1. The Grand Jury adopts, realleges, and incorporates herein the Introduction section of the Indictment as if set out fully herein.

2. In or about 2011, in the Southern District of Texas, the defendant,

**JESUS BUSTOS,**

did corruptly give, offer, and agree to give a thing of value to MICHAEL VELA and JOSE VELA, intending to influence and reward an agent of an organization and local government that receives, in any one-year period, benefits in excess of $10,000 under a federal assistance program, in connection with any business, transaction and series of transactions of PISD involving anything of value of $5,000 or more.

16

In violation of Title 18 United States Code, Sections 666(a)(2) and 2.

## NOTICE OF FORFEITURE
## 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) through application of Title 28, United States Code, Section 2461(c), the United States gives notice to defendants,

**JOSE GUADALUPE VELA JR.,
OMAR LEONEL VELA,
MICHAEL RENE VELA, and
JESUS BUSTOS**

that upon conviction of a violation of Title 18, United States Code, Sections 371, 666, 1341, or 1952, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, is subject to forfeiture.

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:

Original Signature on File

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
Robert S. Johnson
Assistant United States Attorney